**SO ORDERED.**

**SIGNED this 26th day of June, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| MARK BRADLEY DAVIS | 01-53754-C |
| *DEBTOR* | CHAPTER 7 |
| MARK BRADLEY DAVIS | |
| *PLAINTIFF* | |
| V. | ADV. NO. 06-5198-C |
| CITBANK (SOUTH DAKOTA), N.A., FKA CITIBANK USA, N.A. | |
| *DEFENDANT* | |

### ORDER ON PLAINTIFF'S MOTION FOR ENLARGEMENT OF SCHEDULING ORDER DEADLINES

CAME ON for consideration the foregoing matter. Plaintiff wants an extension of the discovery and related deadlines that were set in this court's scheduling order. Defendant responds that the Plaintiff has wasted valuable time not pursuing ample opportunities to discovery what he needed earlier in the case. Defendant also notes that nothing Plaintiff could discover would make

an y difference to the outcome of this case. Defendant adds that the Plaintiff failed to confer before filing this motion, in violation of the local rules.

Defendant makes some valid points, but also candidly admits (as counsel for Defendant must under the Rules of Professional Conduct) that they have yet to tender the initial disclosures that are required by Rule 26(a). Defendant represents that they intend to file these disclosures "with all deliberate speed."

The court shares Defendant's frustration with the cavalier approach that Plaintiff's counsel has taken to the prosecution of this case, both in his failure to respond to Defendant's counsel, and in his failure to confer with counsel before filing motions for extension. The court also wonders why no discovery has thus far been propounded by Plaintiff, and why Plaintiff waited until the last minute to file this motion to extend a discovery deadline that expires in just a week (July 3rd).

At the same time, however, the court is equally concerned that Defendant is now in such a hurry to "make this case go away," without thus far having complied with its obligations to tender initial disclosures. The local rules for this district's bankruptcy courts set the deadline for sharing these disclosures at 20 days after the issuance of the court's scheduling order. Counsel should not have needed this court's reminder in its previous order dismissing the motion for summary judgment to comply with this obligation. Were the Defendant to have its way, at this stage, the discovery deadline would expire, without the Defendant ever having filed its initial disclosures, and would then file a motion for summary judgment daring the Plaintiff to raise a material issue of fact. Milo Minderbender would smirk with pride at the irony.[1]

---

[1] Joseph Heller, *Catch-22* (Simon & Schuster 1961). To quote from the Heller himself:

There was only one catch and that was Catch-22, which specified that a concern for one's safety in the face of dangers that were real and immediate was the process of a rational mind. (Lt.) Orr was crazy and could be grounded. All he had to do was ask; and as soon as he did, he would no longer be crazy and would not have to fly more missions. Orr would be crazy to fly more missions and sane if he didn't, but if he was sane he had to fly them. If he flew them he was crazy and didn't have to; but if he didn't want to he was

Nor does it much matter that the Plaintiff filed his initial disclosures only recently. In a case such as this, the evidence needed to make out a case is largely in the hands of the defendant, not the plaintiff. Notwithstanding Defendant's remonstrations to the contrary, cases such as this truly *are* fact sensitive, as this court thought it had explained in greater detail in *Mahoney*. *See Mahoney v. Washington Mutual (In re Mahoney)*, 2007 WL 1217851 at *10-13 (Bankr. W.D.Tex. April 23, 2007). The plaintiff failed in its burden in *Mahoney*. That case does not stand for the proposition hinted at by Defendant here that, therefore, plaintiffs in such cases always fail.

The court is uncomfortable awarding *either* party a "win" on this dispute, because neither party's counsel has distinguished itself. In such circumstances, equity would seem to demand that the court, in intervening, do the least harm to the most innocent party. Here, that means Davis, the Plaintiff. The Defendant, Citibank, had an obligation (and still has an obligation) to aide its counsel in meeting their legal responsibilities – from promptly attending to and responding to lawsuits to promptly furnishing their counsel with the information needed to comply with Rule 26(a). Thus, the court rules that the motion for extension of time to pursue discovery will be granted. Discovery is extended for 60 days, to September 3, 2007. The clerk of court will issue a modified scheduling order resetting the remaining deadlines to accommodate this extension.

Because counsel for the Plaintiff has now filed two motions for extension, neither of which included a certificate of conference, as required by the local rules, he is required by this order to pay attorneys' fees to Defendant's counsel, in the amount of $500, to partially defray the cost of their having to respond to the motions.

---

sane and had to. Yossarian was moved very deeply by the absolute simplicity of this clause of Catch-22 and let out a respectful whistle.

"That's some catch, that Catch-22," he [Yossarian] observed.
"It's the best there is," Doc Daneeka agreed.

*Id.*

# # #

# # #